NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2697
_____

UNITED STATES OF AMERICA

v.

PHILIP JOHN MUCHISKY,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 3-17-cr-00323-001)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted under Third Circuit L.A.R. 34.1(a)
March 24, 2020

BEFORE: JORDAN, RESTREPO and GREENBERG, Circuit Judges.

(Filed: March 25, 2020)
_____

OPINION*
_____

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

GREENBERG, <u>Circuit</u> <u>Judge</u>.

## I. INTRODUCTION

Philip Muchisky was charged with a criminal offense for production of child pornography, in violation of 18 U.S.C. § 2251(a), and another for possession of child pornography, in violation of 18 U.S.C. § 2252(a). As part of a plea agreement with the government, Muchisky pled guilty to the production charge, and the government agreed to drop the possession charge. At sentencing on July 10, 2019, the District Court imposed a restitution order that compensated the victims of the possession offense.[1] Muchisky argues that the order was illegal, because he was not convicted of the possession offense. For the reasons stated below, we will affirm the order of restitution.

## II. DISCUSSION

Because we write for the parties, we do not recite the facts of this case—regardless, most of the facts, beyond what we have recited above, are irrelevant for the purposes of this opinion. We review the legality of the District Court's restitution order de novo. <u>United States v. Kolodesh</u>, 787 F.3d 224, 242 n.24 (3d Cir. 2015).

While we agree with Muchisky that ordinarily courts cannot impose restitution beyond the scope of the conviction, <u>see</u> <u>United States v. Akande</u>, 200 F.3d 136, 141 (3d Cir. 1999), Congress expressly permits courts to "order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3).

---

[1] The Court did not impose restitution for the victim of the production offense because he or she did not seek restitution.

2

Congress also allows courts to "order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense." 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3). To that end, the government points out that, as part of the plea agreement, Muchisky "agrees that the Government will seek and the court may impose an order of restitution as to the victims of the defendant's relevant conduct." Supp. App. 17. As such, the single issue in this case is whether Muchisky's conduct charged under the possession offense was "relevant conduct" as specified in that section of the plea agreement.

We conclude that it was. As stated above, Congress authorizes a district court to order restitution in any criminal <u>case</u> to the extent the parties agree, including to persons who were not the victim of the offense. Here, Muchisky's conduct in relation to the possession charge was relevant to the criminal case. After all, allegations of such conduct formed a part of the criminal complaint, <u>see</u> App. 18, and the pre-sentence report described said conduct. There was no language in the plea agreement limiting the scope of restitution the government would seek and Muchisky explicitly was notified that he would be subject to restitution under § 3663A. We find it eminently reasonable that the government, while exercising its prosecutorial discretion not to charge Muchisky with the possession offense, nevertheless could seek to obtain compensation for the victims of the crime. It is understood that when the government agrees to the dismissal of a charge in a plea agreement, it is not admitting that it cannot prove beyond a reasonable doubt that the defendant did not commit the dismissed offense. Indeed, Congress may have had a

3

situation like that here in mind when allowing courts to impose restitution beyond the scope of crimes admitted in a plea agreement.

Most tellingly, despite this issue being essentially one of contract construction, Muchisky makes no argument that the government's interpretation of the plea agreement was not one he understood and to which he agreed when the agreement was executed. In fact, he makes no effort to rebut the government's contention that the restitution order was agreed upon, or that the District Court had the authority to issue a restitution order beyond the scope of the conviction per the plea agreement. Accordingly, we will affirm the District Court's July 10, 2019 restitution order.